IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERNESTINE MURPHY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )  CIVIL ACTION NO. 2:13-cv-504-WHA |
| | ) |
| JONES MOTOR CO., INC., et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion for Summary Judgment filed by two of the Defendants, Jones Motor Co., Inc. ("Jones Motor Co.") and Craig A. Hazen ("Hazen"). (Doc. # 17.)

The Plaintiffs, Ernestine Murphy, Jerry Murphy, Angelata Underwood, and Kevin Calma, filed their Complaint in the Circuit Court of Lowndes County on June 12, 2013, bringing claims for negligence/wantonness, negligent/wanton hiring, negligent/wanton training and supervision, negligent/wanton entrustment, and negligent maintenance against Jones Motor Co. and Hazen, and uninsured/underinsured motorist benefits against ALFA Mutual Insurance Company. (Doc. # 1-7.) The Defendants removed the case to this court on July 16, 2013 on the basis of diversity subject-matter jurisdiction. (Doc. # 1.)

Jones Motor Co. and Hazen filed their Motion for Summary Judgment on November 22, 2013. (Doc. # 17.) Jones Motor Co. and Hazen's Motion for Summary Judgment addresses the

Plaintiffs' claims for wantonness, negligent maintenance, negligent/wanton hiring, negligent/wanton training and supervision, and negligent/wanton entrustment. To support their arguments, Jones Motor Co. and Hazen provided the court with Hazen's affidavit. (Doc. # 19-1.) The court gave the Plaintiffs until December 16, 2013 to file a response to the Motion for Summary Judgment. (Doc. # 20.) As of the date of this Order, no response had been filed by the Plaintiffs.

Concerning the Plaintiffs' wantonness claim, Jones Motor Co. and Hazen first argue that Hazen was an independent contractor at the time of the accident, and thus Jones Motor Co. is not vicariously liable for Hazen's conduct in this case. Further, Jones Motor Co. and Hazen argue that the wantonness claim must fail because there is no evidence that any of Hazen's conduct constituted reckless behavior carried out with conscious disregard for the safety of others. Second, Jones Motor Co. and Hazen assert that the negligent maintenance claim must fail because Hazen's vehicle had been inspected the day prior to the accident in this case and had been found to be in good condition. Thus there was no breach of any duty to maintain the vehicle and no evidence that any failure to maintain the vehicle proximately caused the accident. Third, with the Plaintiffs' claims for negligent/wanton hiring, training, and supervision, Jones Motor Co. and Hazen argue that there is no evidence that Hazen was incompetent in any way and that, as a result, there is no way that Jones Motor Co. could have known of Hazen's incompetency. Finally, with the Plaintiffs' negligent/wanton entrustment claim, Jones Motor Co. and Hazen argue that there is no evidence that Jones Motor Co. knew that the entrustment of the vehicle to Hazen would likely or probably result in injury to other people. These arguments are supported by Hazen's statements in his affidavit. (Doc. # 19-1.)

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *United States v. One Piece of Real Prop. Located at 5800 Sw. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101–02. Accordingly, the court will review the evidentiary materials presented by the Defendants in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24.

In the instant case, the Defendants Jones Motor Co. and Hazen have met this burden. Once the moving party has met its burden, Rule 56(c) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings" and demonstrate that there is a genuine issue for trial. *Id.* at 324. If the adverse party does not so respond, the court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).

The Plaintiffs, Ernestine Murphy, Jerry Murphy, Angelata Underwood, and Kevin Calma, have not attempted to meet their burden. Further, the court has reviewed the evidentiary

material submitted by the Defendants and finds no question of fact as to any material issue raised by the Defendants as a ground for summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. # 17) is GRANTED, and judgment is entered in favor of the Defendants and against the Plaintiffs on the claims for wantonness, negligent maintenance, negligent/wanton hiring, negligent/wanton training and supervision, and negligent/wanton entrustment.

This case will proceed on Plaintiffs' claims against Jones Motor Co. and Hazen under Count One for negligent operation of the tractor-trailer.[*]

DONE this 6th day of January, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[*] The Defendant ALFA Mutual Insurance Company has opted out of the litigation and agreed to be bound by the jury's findings.